UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:18-cr-83-001 |
| v. ) | |
| ) | Judge Collier/Steger |
| CLIFTON WARD ) | |

## **MEMORANDUM AND ORDER**

Clifton Ward ("Defendant") came before the Court for a hearing on August 1, 2018, in accordance with Rule 46(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142 and 3148 on the Petition for Action on Conditions of Pretrial Release ("Petition") [Doc. 6].

After being sworn in due form of law, Defendant was reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution. Defendant was represented at the hearing by his attorney, Gianna Maio.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

Defendant was advised of his right to a preliminary hearing and a detention hearing. After consultation with counsel, Defendant waived the preliminary hearing but requested a detention hearing. At Defendant's request, the detention hearing was scheduled on August 3, 2018.

At the detention hearing on August 3, 2018, the Government relied upon the sworn Petition [Doc. 6] and the sworn testimony of U.S. Probation Officer Emily Knox to support its allegations that Defendant violated certain conditions of release and that he posed a danger to the community and a flight risk. Officer Knox testified that Defendant violated the location monitoring requirements imposed by United States Magistrate Judge Justin S. Anand (in the United States District Court for the Northern District of Georgia) in his order dated July 24, 2018 [Doc. 3]. More specifically, Defendant violated the location monitoring requirements on July 24, 25, 26, and 27, 2018. In addition, on July 30, 2018, Defendant sent a Facebook message to United States Congresswoman Diane Black, despite Judge Anand's order advising him not to have any contact, directly or indirectly, with any victim of the offense with which he has been charged. By way of background, Officer Knox played for the Court two voice mail messages left by Defendant to Congresswoman Black in which he threatened to sexually assault the

1

Congresswoman, suggested that he would visit her personally, and suggested that she should be placed under a proposed border wall. Officer Knox also made the Court aware of an Aggravated Criminal Trespass state court charge against Defendant arising out of an incident on June 10, 2018, in which Defendant trespassed on Norfolk Southern property and, when confronted by an employee of Norfolk Southern, threatened the employee and brandished a knife.

Defendant's counsel proffered evidence on his behalf. She produced evidence that Defendant is employed by a restaurant in Atlanta as a sous chef, and that his location monitoring violations were minor in nature and only for the purpose of walking his dog. She also pointed to the fact that Defendant does not have a serious criminal history.

Following presentation of evidence, both attorneys were given an opportunity to argue the issue of detention.

Based on the sworn allegations of the Petition and the evidence presented at the hearing, the Court finds that Defendant has violated conditions of release (e.g., defendant must avoid all contact, directly or indirectly, with any person who may become a victim or potential witness in the investigation or prosecution; defendant must submit to location monitoring and abide by all the program requirements and instructions provided by the pretrial services officer; Defendant's release shall be supervised by the USPS Officer and he will follow instructions of his supervising officer). The Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The Court further finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required.

It is, therefore, **ORDERED** that:

1. The Petition for Action on Conditions of Pretrial Release [Doc. 6] is hereby **GRANTED**.

2. Defendant's bond conditions are revoked and he is Ordered into custody to be **DETAINED WITHOUT BAIL** pending further order of this Court.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE